### JOHNSON *v.* MISSISSIPPI & T. R. Co. and others.

*(Circuit Court, W. D. Tennessee.* **July 21**, 1887.)

COSTS—RECOVERY OF LESS THAN FIVE HUNDRED DOLLARS—REV. ST. U. S. § 968.
   Where a plaintiff jointly sued three railroad companies for injury to his property by laying their tracks in the street of a city, and recovered in the aggregate more than $500, but under the code practice, at request of defendants, the verdicts and judgments were separated, and the recovery against each was less than $500, the plaintiff is, nevertheless, entitled to costs, and the prohibitions of Rev. St. § 968, do not apply.

This suit was one originally brought at law in this court against the three railroad companies named in the caption, and others, for damages claimed by the plaintiff in the sum of $10,000, resulting to him from the laying of defendants' railroad tracks on a street of Memphis in front

of his abutting property. Upon the trial verdict was rendered for the plaintiff in the sum of $700, and apportioned among the defendants,—that against the Kansas City, Springfield & Memphis Railroad Company being $300; and judgment was rendered accordingly, and for costs. The other defendants thereupon paid the several judgments against them, together with the respective *pro rata* amount of the costs of the suit; but the Kansas City, Springfield & Memphis Railroad Company, having paid the money recovery against it, resists the payment of costs, and moves to vacate the judgment as to costs, relying upon a want of jurisdiction in the court to award costs against it because of the prohibition contained in section 968 of the Revised Statutes, quoted in the immediately preceding case; the claim being that the verdict and judgment should be treated as several, so far as this section of the statute is concerned.

*W. M. Randolph*, for plaintiff.

*Newman Erb*, for Kansas City, S. & M. R. Co.

HAMMOND, J. In this case this defendant resists a recovery for costs on the ground that each of the three judgments against the three defendants respectively is less than $500. Rev. St. § 968. But while this is true, the aggregate of the plaintiff's recovery is more than $500. The suit was a joint one against the three railroad companies, treating the injury complained of as one wrong to the plaintiff; but, under the charge of the court, separate verdicts were rendered against each, and the judgment moulded accordingly, as under the Tennessee Code, by especial direction, may always be done, no matter what the form of action or the grounds of it. Thomp. & S. Code Tenn. §§ 2973–2975; M. & V. Code, §§ 3687–3689.

Perhaps it is true that the defendant companies had no necessary connection with each other, although laying parallel tracks in the same street in front of plaintiff's property, and that the cause of action was several, and not joint; though as to this I do not deem it proper to express any opinion, since it may be that a joint action would be eminently proper, and sometimes necessary, to apportion the liability of each, for it may be doubtful precisely whether the cause of action sounds in contract or damages, under the peculiar rights of the party suing a railroad company for "taking his property," or injury to it by laying its tracks upon a street in which he has only a kind of special property. The complications of that subject need not be settled here, because whatever should have been the form of action, no objection was taken before trial to that which was brought jointly; and the powers of the court under the Code, already cited in that behalf, were resorted to by the defendants to save themselves from any judgment except their respective shares of the whole recovery.

But, under such circumstances, it is too late to now make the objection that the suit should have been severally brought, and seek to escape the liability for costs by the defendants' act in separating the verdict and judgment for their own benefit. The exclusion of the statute as to costs does not apply in such a case. Motion denied.